David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
**Kazerouni Law Group, APC**
301 E. Bethany Home Road, Ste C-195
Phoenix, AZ 85012
Phone: 800-400-6808
Fax: 800-520-5523

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Phone: 800-400-6808
Fax: 800-520-5523
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Edward Day, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Sunrise Credit Services, Inc., <br><br> Defendant. | Case No. <br><br> **Class Action** <br><br> **Complaint for Violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*** <br><br> **Demand For Jury Trial** |

**INTRODUCTION**

1. Plaintiff Edward Day ("Plaintiff") brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant Sunrise Credit Services, Inc. ("Defendant"), in violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

2. In enacting the Fair Debt Collection Practices Act ("FDCPA"), Congress found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that the "existing laws and procedures for redressing these injuries are inadequate to protect consumers," and that "abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. §§ 1692(b), (d).

3. Plaintiff, individually and on behalf of all others similarly situated, challenges the actions of Defendant, with regard to attempts by Defendant to unlawfully collect a debt alleged to be owed by Plaintiff. This conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, except for those allegations that pertain directly to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

---

CLASS ACTION COMPLAINT

## JURISDICTION & VENUE

7. This Court has jurisdiction because the events leading to Plaintiff's cause of action occurred in the State of Arizona, County of Maricopa, where Plaintiff also resides.

8. Furthermore, this Court has jurisdiction because Plaintiff alleges the violation of a federal statute, the FDCPA.

9. Because Defendant does business within the State of Arizona, Defendant has maintained minimum contacts such that personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the events leading to the cause of action occurred in the County of Maricopa, State of Arizona.

11. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

12. Plaintiff is a natural person who resides within the County of Maricopa, State of Arizona.

13. Defendant is a New York company engaged in the business of consumer debt collection in the State of Arizona.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. At all times relevant to this Complaint, Defendant was a company engaged, by the use of text messages, letters, and telephone calls, in the business of collecting a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Defendant regularly attempts to collect alleged to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. On or around April 5, 2024, at 1:06 p.m., Defendant sent Plaintiff a text message from a "42712" number. The message stated:

> A message from Sunrise, a debt collector. Self service online at https://scspay.com/tk9OoukhEvVk Phone 866-217-6879. Reply HELP for info or STOP to end

18. On or around April 6, 2024, at 8:30 a.m., Defendant sent Plaintiff an identical text message.

19. On or around April 7, 2024, at 1:10 a.m., Plaintiff replied to Defendant and stated:

> To whom it may concern
>
> I am requesting no further communications reference this unknown debt to me via texting me or other means failure to do so will result you of being you in violation of the FDCPA.
>
> Thanks.

20. Despite Plaintiff's clear and unequivocal notice to cease further communication, Defendant continued to send Plaintiff the identical text message as above.

21. After Plaintiff's written request to cease communication, Defendant sent at least two more of the identical texts.

22. Additionally, Defendant called Plaintiff from the phone number (520) 317-4689, on the following dates:

April 9, 2024, at 8:15 a.m.

April 11, 2024, at 8:18 a.m.

23. Plaintiff also knows that Defendant called him at least two other times (apart from the calls mentioned above) after his request to cease communications and believes that Defendant's records will corroborate this factual allegation.

24. This phone number is directly attributed to Defendant and Defendant's caller ID appears as "Sunrise Debt."

---

CLASS ACTION COMPLAINT

25. After Defendant continued to text Plaintiff, Plaintiff replied:

> To whom it may concern
>
> I am requesting no further communications reference this unknown debt to me via texting me or other means failure to do so will result you of being you in violation of the FDCPA
>
> You are now violating FDCPA
>
> Notice was given to halt any means of communication back on Sunday April 7 at 110am
>
> Thanks
> Ed
> 2

26. In response, Defendant replied:

> You are unsubscribed from Sunrise Alerts. Help at 866-217-6879 Text START to opt back in.

27. As detailed above, Defendant continued to text and call Plaintiff after Plaintiff requested for the "debt collector to cease further communication" in violation of 15 U.S.C. § 1692c(c).

## **CLASS ALLEGATIONS**

28. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the following proposed classes:

The FDCPA Class:

> All persons within the United States who had requested, in writing, for Defendant to cease communications and

Defendant continued to call or text said person.

29. Defendant, including its employees and agents, are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that both The Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

31. Plaintiff and members of The Class were harmed by the acts of Defendant for failing to adhere to their cease-and-desist requests.

32. Common questions of fact and law exist as to all Class members which predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.    Whether, within the one year prior to the filing of this Complaint, Defendant or its agents placed more than one call or text to the members of the Class who had requested in writing to receive no further communications;

    b.    Whether Defendant obtained prior express written consent to communicate with Class members;

    d.    Whether Defendant's conduct was knowing and willful;

---

e.      Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

f.      Whether Defendant should be enjoined from engaging in such conduct in the future.

33.   As a person that received numerous text messages and phone calls from Defendant, who had requested Defendant not contact them, Plaintiff is asserting claims that are typical of the claims of the Class members.

34.   Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained attorneys experienced in the prosecution of class actions.

35.   A class action is superior to other available methods of fair and efficient adjudication of this controversy since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

36.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37.   Defendant has acted or refused to act in respects generally applicable to The

Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ. (FDCPA)

### (On Behalf of Plaintiff and the FDCPA Class)

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

39. The FDCPA states that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

40. The foregoing acts and omissions of Defendant constituted numerous and multiple knowing and/or willful violations of the FDCPA, including but not limited to each text and phone call Plaintiff received after he requested for Defendant to cease communications.

41. As a result of Defendant's knowing and/or willful violations of 15 U.S.C. § 1692c(c), Plaintiff and the Class members are entitled statutory damages of $1,000.00 for each and every violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

- An award of statutory damages of $1,000.00 to Plaintiff and each class member, pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant.

- An award of actual damages to Plaintiff and each class member.

- An award of punitive damages to Plaintiff and each class member.

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

- Any and all other relief that the Court deems just and proper.

## **JURY DEMAND**

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully Submitted this 18th Day of June, 2024.


Kazerouni Law Group, APC


By: /s/ Ryan L. McBride
Ryan L. McBride
*Counsel for Plaintiff and the Proposed Class*