David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
**Kazerouni Law Group, APC**
301 E. Bethany Home Road, Ste C-195
Phoenix, AZ  85012
Phone: 800-400-6808
Fax: 800-520-5523

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Phone: 800-400-6808
Fax: 800-520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Edward Day, individually and on behalf of all others similarly situated, <br><br>Plaintiff, <br><br>vs. <br><br>Sunrise Credit Services, Inc., <br><br>Defendant. | Case No.: CV-24-1465-PHX-DMF <br><br>**Plaintiff's Motion for Default Judgment and Reasonable Attorney's Fees Against Defendant Sunrise Credit Services, Inc.** |

**Points and Authorities Supporting Plaintiff Edward Day's Motion for Default Judgment**

Plaintiff Edward Day ("Plaintiff"), through his attorney of record, hereby moves this Court for a Default Judgment and attorney's fees and costs against Defendant Sunrise Credit Services, Inc. ("Defendant").

### I. Basis of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction without general subject matter jurisdiction and may only adjudicate those cases which the Constitution and Congress authorize. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This court has jurisdiction over the issues raised pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k). This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), which is a federal statute. Thus, the Court has subject matter jurisdiction under the federal question doctrine.

### II. Basis of Personal Jurisdiction

At all times relevant, Defendant conducted business within the State of Arizona. Compl. ¶¶ 7, 9-11. Indeed, the cause of action itself arose because of Defendant's collection actions towards Plaintiff in the State of Arizona. Compl. ¶¶ 11-13, 15-27. Therefore, venue is proper and personal jurisdiction has been established.

### III. Service of Process

The Federal Rules provide that business entities may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h). "In the Ninth Circuit, the requirements of Rule 4(h) are liberally construed to achieve its underlying purpose of giving a party notice of a claim against it." *Grand Canyon*

*Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, * 3 (D. Ariz. June 22, 2006) (citing, among others, *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies. Inc.*, 840 F.2d 685, 688-89 (9th Cir. 1988); *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir. 1994)).

For purposes of service, an appointed agent's authority need not be express; it can also be implied. *Grand Canyon Resort Corp.*, 2006 WL 1722314 at *3 (*citing Direct Mail*, 840 F.2d at 685). "Implied authority may be sufficient where an individual is not an employee but is 'so integrated with the organization that he will know what to do with the papers…so as to render it fair, reasonable and just to imply authority on his part to receive service,' and as long as the party receives sufficient notice of the complaint." *Id*. (quoting *Direct Mail*, 840 F.2d at 866) (holding that receptionist employed by another corporation was an agent despite denial of authority when defendant corporation shared office space with her employer and she was only person in the office).

Here, Plaintiff properly served Defendant and Defendant acknowledged as such. On July 2, 2024, Defendant was served a copy of the summons and complaint in this action. Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Entry of Default, "McBride Decl." ¶ 3. In response, Defendant's counsel emailed Plaintiff's counsel on July 16, 2024, requesting to discuss a potential resolution. McBride Decl. ¶ 4. Plaintiff's counsel promptly responded on July 17, 2024. McBride Decl. ¶ 5. On July 30, 2024, Plaintiff had still not heard back from Defendant's counsel and followed up with them. McBride Decl. ¶ 6. That same day, Defendant's counsel wrote back, confirming they received the follow-up communication. *Id.*

On August 2, 2024, still awaiting an update from Defendant, Plaintiff's counsel emailed another follow up to Defendant. McBride Decl. ¶ 7. On August 3, 2024, Defendant's counsel wrote that they would call Plaintiff's counsel on August 5, 2024; Plaintiff's counsel never received the call. McBride Decl. ¶ 8.

Consequently, on August 8, 2024, Plaintiff's counsel wrote to Defendant that "[i]f we do not hear anything back, we'll be forced to file notice of default with the court." Furthermore, Plaintiff's counsel wrote, "We'll wait until 8/12." McBride Decl. ¶ 9.

On August 13, 2024, this Court ordered a status report and, in accordance with Plaintiff's specific grace period, Plaintiff's counsel filed the Application for Entry of Default. McBride Decl. ¶ 10. Subsequently, on August 14, 2024, having still not heard from Defendant, the Court filed a Clerk's Entry of Default. ECF No. 12; McBride Decl. ¶ 11. On that same day, Defendant's counsel wrote back indicating their intention to get an appearance on file. McBride Decl. ¶ 12.

On August 20, 2024, Defendant filed its Appearance of Counsel. ECF No. 13. Accordingly, Plaintiff reasonably assumed that Defendant would either file an answer to the complaint, attempt to informally resolve the matter, or request an extension. McBride Decl. ¶ 13.

However, Plaintiff's counsel has not heard from Defendant since its final correspondence on August 14, 2024, nor has Defendant filed a response to the Complaint. McBride Decl. ¶ 14.

Defendant was doing business in the State of Arizona, was properly served with process, and has failed to answer or otherwise respond to the Complaint. In spite of that time lapse, Defendant has done nothing to defend its interests in this case or contact Plaintiff's counsel after its initial letter in response. McBride Decl. ¶ 15.

## IV. Claims for Liability

### A. Factual Basis of Illegal Conduct

Defendant engaged in the following illegal conduct which gives rise to this action. Plaintiff now provides this summary in order to give the Court a better understanding of the basis for the amount of damages sought.

On or around April 5, 2024, Defendant texted Plaintiff in an attempt to collect on an alleged debt from the telephone number 42712. Declaration of Edward Day in Support of Plaintiff's Motion for Default Judgment "Day Decl." ¶ 3. The text stated, "A message from Sunrise, a debt collector" and provided a link for "Self service" (payment portal) on Defendant's website. Day Decl. ¶ 4. On or around April 6, 2024, Defendant sent Plaintiff an identical text message. Day Decl. ¶ 6. On April 7, 2024, Plaintiff replied to Defendant with clear and unequivocal notice to cease further communication. Day Decl. ¶ 7. Despite Plaintiff's written request to cease communication, Defendant sent at least two more text messages that attempted to collect on the same debt afterwards. Day Decl. ¶ 8. Defendant also called Plaintiff on April 9, 2024, and April 11, 2024, to collect on the debt. Day Decl. ¶ 9. Additionally, Plaintiff believes that Defendant called him at least two more times aside from the April 9 and 11 calls. Day Decl. ¶ 10.

Subsequently, Plaintiff sent another request to halt all means of communication. Day Decl. ¶ 11. In response, Defendant notified Plaintiff that he was "unsubscribed from Sunrise Alerts." Day Decl. ¶ 12.

### B. Legal Basis for the Harms Alleged

As noted above, Plaintiff brought this action against Defendants based on Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. Specifically, Plaintiff sought to be compensated for Defendant's failure "to cease further communication" in violation of 15 U.S.C. § 1692c(c). S*ee* Compl. ¶¶ 27, 38-41. The text messages and communications sent to Plaintiff after Plaintiff requested that Defendant stop are all violations of § 1692c(c).

### C. Award of Damages

Under the FDCPA, Plaintiff is entitled to statutory damages, actual damages and attorney's fees and costs. *See* 15 U.S.C. § 1692k(a). Plaintiff is only seeking statutory damages and attorney's fees and costs.

Statutory damages of up to $1,000.00 are available to Plaintiff under the

FDCPA based on Defendant's unlawful collection activities. 15 U.S.C. § 1692k(a)(2)(A). Thus, a debt collector who violates any provision of the FDCPA is liable for court awarded damages of up to $1,000.00.

Here, Plaintiff adequately set forth facts from his complaint and subsequent declarations that Defendant willfully violated the FDCPA when it continued communications with Plaintiff despite his written request for them to stop. Accordingly, Defendant is liable for the maximum statutory amount of $1,000 to Plaintiff. Considering the FDCPA was enacted in 1978 and the amount of statutory damages has never been adjusted, and further considering Defendant's conduct at issue[1], Plaintiff requests the full $1,000 in statutory damages.

Further, The FDCPA mandates the payment of attorney fees pursuant to 15 U.S.C. §1692k(a)(3). Plaintiff's Counsel has calculated their fees at an hourly rate of $550.00 and $595.00 respectively, per hour. To support these billing rates, Plaintiffs' counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation. *See* McBride Decl. and Declaration of David J. McGlothlin "McGlothlin Decl." generally. Reasonable billing discretion has been used throughout this case. *See* McBride Decl. ¶¶ 43, 45-46. Using reasonable billing discretion, Mr. McBride and his firm, Kazerouni Law Group has billed for 9.7 hours of work in this case for a total of $5,339.50. *See* McBride Decl. ¶¶ 44-46; McGlothlin Decl. ¶ 13; *see also* the attached Fees and Costs Report. Plaintiff's counsel also expended a total of $548.32 in costs which includes a filing fee and service of process charges. *See* McBride Decl. ¶ 46. Therefore, Plaintiff has incurred a total of $5,887.82 in attorney's fees and costs.

**D. Fed.R.Civ.P. 55(b)(2)**

"Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default

---

[1] Plaintiff also alleged class wide culpability which cannot be adequately adjudicated on a Motion for Default Judgment without prior discovery. Furthermore, Defendant made notice of appearance and communicated with Plaintiff's counsel, only to seemingly disappear.

judgment if the clerk previously entered default based on a defendant's failure to defend." *LHF Prods. v. Boughton*, 299 F. Supp 3d 1104, 1112 (D. Nev. 2017). Defendant is not a minor nor incompetent person. Defendant is a business entity. *See* Complaint ¶ 13.

### E. Eitel Factors

Plaintiff has satisfied the procedural requirements for default judgment against Defendant. Plaintiff submitted a declaration and application for entry of default, which prompted the Clerk of the Court to enter default against Defendant on August 14, 2024. (ECF No. 12). Plaintiff's request for relief does not differ from that prayed for in the complaint. The application for default judgment complies with the Federal Rules of Civil Procedure. Accordingly, the Court need only analyze the *Eitel* factors to determine whether default judgment is appropriate in this case. The Ninth Circuit holds that a district court may consider the following factors in exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D.Cal. 2003). In considering the *Eitel* factors, the Court takes all factual allegations in Plaintiff's Complaint as true, except for those relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

   **i.**  **First *Eitel* Factor: Prejudice to Plaintiff**

Plaintiff will be prejudiced if the Court does not enter default judgment against Defendant because Plaintiff will be left without any recourse.

When denial of a Motion for Default Judgment leaves Plaintiff without any recourse, the first *Eitel* factor weighs in favor of granting the motion. *Ariz. Bd. Of Regents v. Doe*, 555 F. Supp. 3d 805, 815 (D. Ariz. 2021); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). *Michael Grecco Productions, Inc. v. Trekmovie.Com*, 677 F. Supp. 3d 1104, 1108 (C.D. Cal. 2023).

Here, Plaintiff will be prejudiced if he does not receive compensation for the violation of his rights afforded to him by the Fair Debt Collection Practices Act. Plaintiff filed this suit in federal court and Defendant failed to answer. Defendant's counsel even reached out to Plaintiff's counsel on multiple occasions and filed a notice of appearance. Thus, Defendant is aware of the action and chooses not to act. Even if Plaintiff re-filed in a different state, there is no evidence suggesting a different outcome. Indeed, Defendant's attempts at informal resolution also ended in abrupt silence. *See Boughton*, 299 F. Supp. 3d at 1113 (finding the first factor weighed in favor of plaintiff after plaintiff sent "numerous demand letters and a summons along with the first amended, but [defendant] never responded"). Thus, without default judgment Plaintiff will be left with no other recourse to recover payment. Therefore, Plaintiff would be prejudiced without default judgment.

      **ii.**    **Second and Third *Eitel* Factors: Merits and Sufficiency of the Claims**

The second and third *Eitel* factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [they] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

Here, the Complaint sets forth with specificity the straightforward nature of the allegations against the Defendant. Plaintiff brought this action against Defendant as a result of Defendant's violations of the Fair Debt Collections Practices Act.

Specifically, "Defendant continued to text and call Plaintiff after Plaintiff requested for the 'debt collector to cease further communication' in violation of 15 U.S.C. § 1692c(c). Compl. ¶ 27; *See also* Compl. ¶¶ 38-41. The complaint, only nine pages long, is clear and concise. *See* Compl. Generally. Moreover, "because Defendant's failure to answer constitutes an admission to the averments contained in the complaint under FRCP 8(b), the Court must accept these allegations as true." *See Black & Decker (U.S.), Inc. v. All Spares, Inc*., 2010 U.S. Dist. LEXIS 87334, at *4-5 (D. Ariz. Aug. 2, 2010).

The complaint is both legally and factually sufficient, the Court should find that the Plaintiff has demonstrated the merits of the case.

### iii.  Fourth *Eitel* Factor: Money at Stake

Pursuant to the fourth *Eitel* factor, the Court will consider the amount of money at stake in relation to the seriousness of Defendant's conduct. Plaintiff seeks $1,000 in statutory damages under the FDCPA (Compl. ¶ 41); and $5,339.50 in attorneys fees; and $548.32 in costs. *See* McBride Decl. ¶¶ 44, 46-47.

Here, Defendant not only refused to abide by Plaintiff's request to cease communications, but increased their efforts to contact him through phone calls. Compl. ¶¶ 20-23. In light of Defendant's complete disregard for federal law, a statutory award in the amount of $1,000 is not excessive or unreasonable. As for attorney's fees, Mr. McBride and Mr. McGlothlin have calculated their fees at an hourly rate of $550.00 and $595.00 respectively per hour, which is a reasonable fee. *See* McBride Decl. generally. Using reasonable billing discretion, Mr. McBride, Mr. McGlothlin, and his firm, Kazerouni Law Group, has billed for 9.7 hours of work in this case for a total of $5,339.50 *See* McBride Decl. ¶ 44; *see also* Exhibit A. Plaintiff also expended $548.32 in costs including filing fees and service fees. *See* McBride Decl. ¶ 46.

### iv.  Fifth and Sixth *Eitel* Factors: Factual Disputes and Excusable Neglect

As to the fifth and sixth factors, Defendant has been given a fair amount of time to answer Plaintiff's Complaint and deny that Defendant engaged in such unlawful debt collection conduct. Defendant has failed to do so, despite acknowledging that a lawsuit was filed and served. *See Braunlich v. Arizona Rd. Trip Auto LLC*, 2020 U.S. Dist. LEXIS 151573, at *2 (D. Ariz. 2020) ("Due to Defendants' failure to participate, there is no dispute over material facts and no indication that default is due to excusable neglect."). Because no dispute has been raised by Defendant regarding Plaintiff's material factual allegations and, because Plaintiff's allegations are predicated on declarations and testimony that clearly support its allegations, these factors turn in favor of granting default judgment.

### v. Seventh *Eitel* Factor: Policy Favoring Decision on the Merits

Finally, the seventh *Eitel* factor discourages default judgments and encourages rendering decisions "upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Under Rule 55(a), "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Pepsi Co., Inc.*, 238 F. Supp. 2d at 1177.. Although public policy favors decisions on the merits, the seventh *Eitel* factor does not preclude the Court from entering default judgment against Defendant. *Id*.

In the instant case, Defendant failed to defend the action and has, consequently, rendered adjudication on the merits before this Court impracticable. Plaintiff sent numerous communications to Defendant, which Defendant either ignored or responded without taking any further action. Therefore, Defendant has refused to participate or defend the lawsuit. The court should find that Defendant had ample time to defend the merits of the case and failed to take such opportunity. This factor should weigh in favor of granting Plaintiff's default judgment.

Accordingly, in light of all *Eitel* factors, the Court should find that default judgment against Defendant is appropriate.

### F. Plaintiff is The Prevailing Party To This Action and Therefore

**Entitled To An Award of Attorney's Fees and Costs**

The Supreme Court has defined a "prevailing party" as the party in whose favor a judgment is rendered. *Buckhannon Bd. & Care Home v. W. VA Dep't. of Health & Human Res.*, 532 U.S. 598, 603 (2001). At the time the default judgment is entered, Plaintiff will be the prevailing party. As the prevailing party to the action, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). Consumers are prevailing parties entitled to an award of attorney's fees and costs for time expended in bringing the action. *Smith v. Law Offices of Mitchell N. Kay*, 762 F. Supp. 82 (D. Del. 1991). The statutory language of the FDCPA makes an award of attorney fees to the successful consumer mandatory. *Camacho v. Bridgeport Fin.,* 523 F.3d 973, 978 (9th Cir. 2008).

''The reason for mandatory fees is that Congress chose a 'private attorney general' approach for enforcement of the FDCPA.'' *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir.1995); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991) (noting that the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general").

The FDCPA mandates the payment of attorney fees to a successful consumer. Specifically, the FDCPA states:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of— [actual damages]; [statutory damages]; and;
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3)

The purpose of this fee shifting provision is to attract competent counsel. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997). In litigation under the FDCPA, an award of reasonable attorney fees is mandatory, and not discretionary. *Graziano*, 950 F.2d at 113; *Piples v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fees. . ."); *Mace v. Van Ru Credit*, 109 F.3d 338, 344 n.3 (7th Cir. 1997).

An award of attorney's fees to a successful consumer under the FDCPA is designed to compensate the consumer for his role in privately enforcing the FDCPA, and Congress intended that the prevailing consumer recover reasonable attorney's fees.

### G. Attorney Fees Shall Be Calculated Pursuant To The Lodestar Formula

The Ninth Circuit has determined that District courts must calculate awards for attorney's fees using the "lodestar" method. This is especially true with FDCPA actions. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001). In an action against a debt collector pursuant to the FDCPA, "District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Id.* at fn. 4. The "lodestar" figure is the "hours reasonably expended on litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (viewing an award of fees under 42 U.S.C. §1988). The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award. *Id.* at 437.

The U.S. Supreme Court has "stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." *Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989). The determination of the allowable hours rests with the sound discretion of the trial court. *Hensley*, 461 U.S. at 437.

### H. Plaintiffs' Attorneys Fees Are Reasonable

Plaintiff's Counsel has calculated their fees at an hourly rate of $550.00 and $595.00 respectively, per hour. To support these billing rates Plaintiffs' counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation *See* McBride Decl.; *see also* McGlothlin Decl generally.

### I.  Plaintiff's Counsel's Reasonable Hours Expended and Costs Incurred

Reasonable billing discretion has been used throughout this case. *See* McBride Decl. ¶¶ 43, 45-46. Using reasonable billing discretion, Mr. McBride billed for 9.2 hours of work in this case at a rate of $550.00 per hour for a toal of $5,060.00. *See* McBride Decl. ¶ 44. Mr. McGlothlin billed for .5 hours at a rate of $595.00 per hour, for a total of $279.50. *See id*; *see also* Exhibit A. Plaintiff's counsel also expended a total of $548.32 in costs, which includes a filing fee, process server fees, and litigation finance charges. *See* McBride Decl. ¶ 46. Plaintiff's counsel also reduced its billing by 6.2 hours as a result of reasonable billing discretion. *Id*. at 45.

### J. Statement of Consultation

Plaintiff's counsel repeatedly tried to contact Defendant. Plaintiff counsel's attempts to establish lines of communication to settle the case in its entirety, or to generally communicate about any matter related to Plaintiff's claims have been unsuccessful. *See* McBride Decl. ¶¶ 3-15.

### V. Conclusion

In the present case, Plaintiff requests judgment be entered against Defendant for a total award of:

1. $1,000 in statutory damages;
2. $5,339.50 in attorneys fees; and
3. $548.32 in costs.

Respectfully submitted,                                          **Kazerouni Law Group**

Motion for Default Judgment                    13

Dated: October 31, 2024

By:   */s/ Ryan L. McBride*
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: 800-400-6808
Attorneys for Plaintiff

**Certificate of Service**

I certify that on October 31, 2024 I sent a copy by regular U.S. postal service to Sunrise Credit Services, Inc.

    Sunrise Credit Services, Inc.,
    3800 North Central Avenue, Suite 460
    Phoenix, AZ 85012

                                    By: */s/ Ryan L. McBride*
                                           Ryan L. McBride